UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAKI RAGLAND, ) | Case No.: 5:12 CV 2526 |
| ) | |
| Petitioner ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| TERRY TIBBALS, ) | |
| ) | <u>ORDER</u> |
| Respondent ) | |

On October 10, 2012, Petitioner Maki Ragland ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction and sentence for one count of murder, one count of aggravated burglary, four counts of aggravated robbery, one count of felonious assault, and one count of having weapons while under a disability. Petitioner was sentenced to a term of fifty-eight years to life in prison. He argues that his Petition should be granted based on the following grounds:

Ground One: The evidence presented at trial was insufficient to support a conviction for burglary and the jury's verdict was against the manifest weight of the evidence.

Ground Two: The trial court committed plain error by imposing the maximum prison term on each count without a justification.

Ground Three: The trial court committed plain error when it entered a judgment of conviction and sentenced Petitioner for allied offenses of similar import in violation of O.R.C. § 2941.25 and the double jeopardy clause.

(*See* Petition at 5-8.) This court referred the case to Magistrate Judge Kathleen B. Burke for preparation of a Report and Recommendation ("R&R"). Respondent Terry Tibbals ("Respondent") filed an Answer/Return of Writ (ECF No. 10) on January 14, 2013, stating that Petitioner's Petition should not be granted.

Magistrate Judge Burke submitted her R&R (ECF No. 12) on March 16, 2015, recommending that the court dismiss in part and deny in part the Petition. The Magistrate Judge found that Petitioner's first ground for relief should be denied as to his claim that the evidence at trial was insufficient to support a burglary conviction because a rational trier of fact could have found that Petitioner committed the offense of burglary. The Magistrate Judge also concluded that Petitioner's claim that the verdict was against the manifest weight of the evidence should be dismissed because such a claim is not cognizable in a federal habeas proceeding. Next, the Magistrate Judge found that Petitioner's second ground for relief should be dismissed because it is a challenge to a state court's interpretation and application of Ohio law, which is not cognizable in a federal habeas proceeding. Finally, the Magistrate Judge determined that Petitioner's third ground for relief should be dismissed to the extent that it challenges the state court's application of state law and denied to the extent it alleges a violation of federal constitutional law because Petitioner did not demonstrate that the state court erred when it determined that his offenses were not allied offenses of similar import and/or that the offenses involved separate conduct or separate animus. Furthermore, Petitioner did not demonstrate that his sentence was imposed contrary to, or in an unreasonable application of, clearly established federal law.

On May 5, 2015, Petitioner filed a Motion for Extension of Time (ECF No. 13), asking the court to allow him additional time to prepare objections to the R&R. The court noted that Petitioner's request came more than six weeks after the R&R was filed, but granted an extension

until May 25, 2015. (Order, May 7, 2015, ECF No. 14.) As of the date of this Order, Petitioner has not filed objections to the R&R. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that, after careful *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 12). The court dismisses in part and denies in part Petitioner's Writ of Habeas Corpus (ECF No. 1). The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 29, 2015